IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID LEE HUNT,

    Plaintiff, : Case No. 3:16-cv-335

v. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, : MAGISTRATE JUDGE
  MICHAEL J. NEWMAN
Acting Commissioner of the :
Social Security Administration,
:
    Defendant.

---

DECISION AND ENTRY SUSTAINING MOTION FOR REMAND OF
DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY (DOC. #9); JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF DAVID LEE HUNT AND AGAINST DEFENDANT
COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE
CAPTIONED CAUSE TO THE COMMISSIONER, PURSUANT TO THE
FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER
PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff David Lee Hunt ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 19, 2017, the Commissioner filed a Motion for Remand ("Motion"), asking that the Court reverse the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, and remand the captioned cause to the

Commissioner for further administrative proceedings. Doc. #9. Plaintiff filed a memorandum *contra*, asking that the Court remand the case to the Commissioner for an immediate award of benefits, rather than further proceedings. Doc. #10. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #5, and a thorough review of the applicable law, this Court SUSTAINS the Commissioner's Motion. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the case, pursuant to sentence four of 42 U.S.C. §405(g), to the Commissioner for further proceedings consistent with this opinion.

An appeal of a denial of Social Security benefits may be remanded for an award of benefits only "where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Commissioner concedes that the decision of her administrative law judge ("ALJ") is not supported by "substantial evidence," 42 U.S.C. § 405(g), and thus, remand is required. Doc. #9, PAGEID #2833. The Commissioner argues that there is evidence in the record that both supports and opposes a finding of disability; thus, the Commissioner claims, the captioned cause must be remanded so that the Commissioner, rather than the Court, can resolve the conflicting evidence. *Id.*, PAGEID #2834. However, Plaintiff argues that, had the ALJ properly formulated his residual functional capacity ("RFC"), the Commissioner's regulations would have compelled the ALJ to issue a finding of disability. Doc. #10, PAGEID #2838 (citing Doc.

2

#5-2, PAGEID #72, 74). Thus, Plaintiff claims, the captioned cause, which has been pending for more than seven years, is one of the narrow instances in which evidence of disability is overwhelming, and remand for an immediate award of benefits is appropriate.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The ALJ assigned significant weight to the opinion of Michael W. Firmin, Ph.D., one of the Commissioner's examining psychologists, Doc. #5-3, PAGEID #182, yet did not incorporate all of Dr. Firmin's opined limitations into Plaintiff's RFC. *Id.*, PAGEID #179. Plaintiff argues that it was error for the ALJ not to incorporate all opined limitations into the RFC, and that had the ALJ done so, there would not have been a substantial number of jobs in the national economy that Plaintiff would be capable of performing, and thus, Plaintiff would be considered disabled. Doc. #10, PAGEID #2838 (citing Doc. #5-2, PAGEID #72, 74). However, Plaintiffs cite to no caselaw—and the Court is unaware of any—that requires an ALJ to incorporate all the limitations opined by a certain medical source simply because the ALJ assigns significant weight to that opinion. Indeed, to compel the ALJ to do so would constitute a reweighing of the evidence by the Court, which the Court is forbidden from doing. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). While the Commissioner concedes that the ALJ did not fully evaluate Dr. Firmin's opinion, Doc. #9, PAGEID #2834, the ALJ must be given the opportunity to evaluate Dr. Firmin's opinion fully and build a logical bridge between Dr. Firmin's findings and the RFC. Thus, remand for further proceedings is appropriate.

3

2. As the Commissioner notes, the ALJ discussed, in his opinion, medical and other clinical evidence that do not support a finding of disability, Doc. #11, PAGEID #2841-42 (citing Doc. #5-3, PAGEID #181; Doc. #5-11, PAGEID #1968, 1975; Doc. #5-13, PAGEID #2519, 2522). At least some of Dr. Firmin's opined limitations were inconsistent with examination results and treatment notes from sources whose opinions did not support a finding of disability. Doc. #5-3, PAGEID #181-82 (citations omitted). Further, the Commissioner notes, there are portions of Dr. Firmin's opinion that detail relatively mild mental impairments and include observations that Plaintiff exhibited little-to-no mental impairment in several areas essential to being able to perform full-time work (*e.g.*, understanding and following instructions, completing multi-step tasks). Doc. #11, PAGEID #2841 (citing Doc. #5-12, PAGEID #2328). As the Commissioner states, the evidence of record "simply does not overwhelmingly show that Plaintiff was disabled." *Id.*, PAGEID #2842. In the absence of such an overwhelming showing, *Faucher* compels this Court to remand for further proceedings, rather than an award of benefits. 17 F.3d at 176.

3. The Court acknowledges that Plaintiff's claim for disability benefits has been pending for more than seven years. Yet, contrary to Plaintiff's argument, remand for further proceedings would not result in "undue delay and the presentation of cumulative evidence." Doc. #10, PAGEID #2838. Rather, remand will allow the Commissioner to assess more fully Dr. Firmin's opinion and present a revised RFC to the Commissioner's Vocational Expert to determine whether Plaintiff is disabled under the Act.

WHEREFORE, based upon the aforesaid, this Court SUSTAINS the Commissioner's Motion to Remand. Doc. #9. Judgment shall enter in favor of Plaintiff

and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this decision and entry.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

May 12, 2017

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT